UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**MICHAEL BATISTE**     *     **CIVIL ACTION NO. 16-0951**

**VS.**     *     **JUDGE DOHERTY**

**NATIONWIDE PROPERTY & CAS.**     *     **MAGISTRATE JUDGE WHITEHURST**
**INSURANCE CO., ET AL**

### REPORT AND RECOMMENDATION ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiff, Michael Batiste ("Batiste"), on October 13, 2016 [rec. doc. 21]. Defendants, Nationwide Property & Casualty Insurance Company ("Nationwide") and Catherine Scheuermann ("Scheueurmann"), advised the Court that they had no opposition to this motion.

For the following reasons, the motion is **GRANTED.**

### *I. Background*

On May 18, 2016, Batiste filed a Petition for Damages in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana. Batiste, a Louisiana resident, alleged that he was involved in an automobile accident with Sheuermann, a Mississippi resident, on June 17, 2015, in Lafayette, Louisiana. In the Petition, he alleged that he sustained "serious injuries to his mind and body, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; and past and future expenses for medical care." [Petition, ¶ VI]. He further asserted that his action "exceeds seventy five thousand dollars, exclusive of interest and costs." [Petition, ¶ VIII].

On June 28, 2016, Nationwide and Scheuermann removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. On August 10, 2016, the undersigned issued an Order Requiring Submission on Jurisdictional Amount, directing that defendants file a memorandum setting forth specific facts in controversy supporting the jurisdictional amount. [rec. doc. 12]. On August 17, 2016, defendants filed a Memorandum in Support of Jurisdictional Amount, indicating that they had not yet propounded discovery and obtained medical records to confirm the amount in controversy. [rec. doc. 15].

On August 19, 2016, the undersigned issued an Order extending the deadline for defendants' submission in support of jurisdictional amount. [rec. doc. 16]. On September 28, 2016, defendants submitted an Updated Memorandum in Support of Jurisdictional Amount, in which they indicated that they had no further information/documentation to provide to the Court in support of the jurisdictional amount. [rec. doc. 17].

Accordingly, on October 5, 2016, the undersigned held a telephone conference, at which time defendants advised that they had no additional information regarding the jurisdictional amount. [rec. doc. 20]. At the conference, plaintiff indicated that he would be filing a motion to remand. Defendants represented that they would not oppose the motion.

On October 13, 2016, Batiste filed the instant Motion to Remand on the grounds that defendants failed to meet their burden of showing that the amount in controversy exceeds $75,000. Defendants orally advised the Court that they have no opposition to this motion.

## *II. Analysis*

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th

Cir. 1998).   In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Id*.  The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.  *Id*.  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.  *Id*.  Importantly, the jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached.  *Id*.

In *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000), the Fifth Circuit stated that the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.  *Id*.  In this case, defendants indicate that they do not have the documentation necessary to set forth the fact supporting jurisdictional amount.  Thus, this case should be remanded based on lack of diversity jurisdiction.

### *III. Conclusion*

Based on the foregoing reasons, the undersigned recommends that plaintiff's Motion to to Remand be **GRANTED**, and that this case be **REMANDED** to the 15th Judicial District Court in the Parish of Lafayette, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 18th day of October, 2016, at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**